1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ESTELA GOMEZ-PEREZ,

            Plaintiff,

    v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,[1]

        Defendant.

Case No. SACV 16-1174 JC

MEMORANDUM OPINION AND
ORDER OF REMAND

## I.  SUMMARY

On June 24, 2016, Estela Gomez-Perez ("plaintiff") filed a Complaint
seeking review of the Commissioner of Social Security's denial of plaintiff's
applications for benefits.  The parties have consented to proceed before the
undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary
judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The
Court has taken both motions under submission without oral argument.  See Fed.
R. Civ. P. 78; L.R. 7-15; June 28, 2016 Case Management Order ¶ 5.

---

[1]Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is
hereby substituted for Commissioner Carolyn W. Colvin as the defendant in this action.

1    Based on the record as a whole and the applicable law, the decision of the

2    Commissioner is REVERSED AND REMANDED for further proceedings

3    consistent with this Memorandum Opinion and Order of Remand.

4    **II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE**

5    **DECISION**

6    On January 27, 2011, plaintiff filed applications for Supplemental Security

7    Income and Disability Insurance Benefits alleging disability beginning on

8    November 11, 2008 (which was subsequently amended to December 30, 2010)

9    due to type II diabetes, high blood pressure, heart problems, stroke, and high

10   cholesterol.  (Administrative Record ("AR") 17, 104, 306, 310, 361).  The

11   Administrative Law Judge ("ALJ") examined the medical record and heard

12   testimony from plaintiff (who was represented by counsel and assisted by a

13   Spanish language interpreter) and vocational and medical experts on January 9,

14   2013 ("Pre-Remand Hearing").  (AR 56-78).  On February 5, 2013, the ALJ

15   determined that plaintiff was not disabled through the date of the decision.  (AR

16   104-10).

17   On July 21, 2014, the Appeals Council granted review, vacated the ALJ's

18   February 5, 2013 decision, and remanded the matter for further administrative

19   proceedings.  (AR 115-17).

20   On January 14, 2015, the ALJ again examined the medical record and also

21   heard testimony from plaintiff (who was again represented by counsel and assisted

22   by a Spanish language interpreter) and a vocational expert ("Post-Remand

23   Hearing").  (AR 35-55).

24   On February 4, 2015, the ALJ determined that plaintiff was not disabled

25   through the date of the decision ("Post-Remand Decision").  (AR 17-28).

26   Specifically, the ALJ found:  (1) plaintiff suffered from the following severe

27   impairments:  diabetes mellitus, hypertension, status post left cerebral vascular

28   accident with right upper extremity hemiparesthesia but almost fully recovered,

1   right shoulder rotator cuff tear, degenerative disease of the right shoulder, and

2   tendinosis of the right shoulder  (AR 20); (2) plaintiff's impairments, considered

3   singly or in combination, did not meet or medically equal a listed impairment (AR

4   21); (3) plaintiff retained the residual functional capacity to perform light work

5   (20 C.F.R. §§ 404.1567(b), 416.967(b)) with additional limitations[2] (AR 21);

6   (4) plaintiff was capable of performing past relevant work as a machine operator,

7   marker/packer, and packer/decorator (AR 27); and (5) plaintiff's statements

8   regarding the intensity, persistence, and limiting effects of subjective symptoms

9   were "not credible to the extent those statements are inconsistent with the residual

10  functional capacity assessment [in the Post-Remand Decision]" (AR 24).

11      On May 18, 2016, the Appeals Council denied plaintiff's application for

12  review.  (AR 1-5).

13  **III.   APPLICABLE LEGAL STANDARDS**

14      **A.   Sequential Evaluation Process**

15      To qualify for disability benefits, a claimant must show that the claimant is

16  unable "to engage in any substantial gainful activity by reason of any medically

17  determinable physical or mental impairment which can be expected to result in

18  death or which has lasted or can be expected to last for a continuous period of not

19  less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012)

20  (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted).  The

21  impairment must render the claimant incapable of performing the work the

22  claimant previously performed and incapable of performing any other substantial

23

24      [2]The ALJ determined that plaintiff:  (i) could lift and/or carry 20 pounds occasionally, 10

25  pounds frequently; (ii) could sit, stand, or walk for six hours out of an eight-hour work day with
    normal workday breaks; (iii) could occasionally climb stairs, bend, balance, stoop, kneel, crouch,

26  or crawl; (iv) was precluded from climbing ladders, ropes, scaffolds, or unprotected heights; (v)

27  could perform frequent but not constant gross and fine manipulation with the left upper
    extremity; and (vi) could occasionally perform overhead reaching with the right upper extremity.

28  (AR 21).

1    gainful employment that exists in the national economy.  Tackett v. Apfel, 180

2    F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

3         In assessing whether a claimant is disabled, an ALJ is required to use the

4    following five-step sequential evaluation process:

5         (1)   Is the claimant presently engaged in substantial gainful activity?  If

6               so, the claimant is not disabled.  If not, proceed to step two.

7         (2)   Is the claimant's alleged impairment sufficiently severe to limit

8               the claimant's ability to work?  If not, the claimant is not

9               disabled.  If so, proceed to step three.

10        (3)   Does the claimant's impairment, or combination of

11              impairments, meet or equal an impairment listed in 20 C.F.R.

12              Part 404, Subpart P, Appendix 1?  If so, the claimant is

13              disabled.  If not, proceed to step four.

14        (4)   Does the claimant possess the residual functional capacity to

15              perform claimant's past relevant work?  If so, the claimant is

16              not disabled.  If not, proceed to step five.

17        (5)   Does the claimant's residual functional capacity, when

18              considered with the claimant's age, education, and work

19              experience, allow the claimant to adjust to other work that

20              exists in significant numbers in the national economy?  If so,

21              the claimant is not disabled.  If not, the claimant is disabled.

22   Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th

23   Cir. 2006) (citations omitted); see also 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)

24   (explaining five-step sequential evaluation process).

25        The claimant has the burden of proof at steps one through four, and the

26   Commissioner has the burden of proof at step five.  Burch v. Barnhart, 400 F.3d

27   676, 679 (9th Cir. 2005) (citation omitted).

28   ///

4

**B.   Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).

While an ALJ's decision need not be drafted with "ideal clarity," at a minimum it must explain the ALJ's reasoning with sufficient specificity and clarity to "allow[] for meaningful review."  Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citations and internal quotation marks omitted); see also Craft v. Astrue, 539 F.3d 668, 673 (7th Cir. 2008) (ALJ must provide "accurate and logical bridge" between evidence and conclusion that claimant is not disabled so reviewing court "may assess the validity of the agency's ultimate findings") (citation and quotation marks omitted).

An ALJ's decision to deny benefits must be upheld if the evidence could reasonably support either affirming or reversing the decision.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).  Nonetheless, a court may not affirm "simply by isolating a 'specific quantum of supporting evidence.'"  Id. at 882 (citation omitted).  In addition, federal courts may review only the reasoning in the administrative decision itself, and may affirm a denial of benefits only for the reasons upon which the ALJ actually relied.  Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014) (citation omitted).

Even when an ALJ's decision contains error, it must be affirmed if the error was harmless.  Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014).  An ALJ's error is harmless if (1) it was inconsequential to the ultimate nondisability determination; or (2) despite the error, the ALJ's path may reasonably be discerned, even if the ALJ's decision was drafted with less than ideal clarity.  Id. (citation and quotation marks omitted).

1   When a reviewing court cannot confidently conclude that an error was harmless, a
2   remand for additional investigation or explanation is generally appropriate.  See
3   Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (citations omitted).

4   **IV.   DISCUSSION**

5   Plaintiff contends that a reversal or remand is warranted, in part, because the
6   ALJ materially erred in evaluating plaintiff's subjective complaints.  (Plaintiff's
7   Motion at 7-9).  This Court agrees.

8   **A.   Pertinent Facts**

9   At the Pre-Remand Hearing, plaintiff testified, in pertinent part, that she
10   (i) was unable to work due to diabetes, high blood pressure, high cholesterol, and
11   because of severe pain in one of her hands, as well as pain and numbness in her
12   feet; (ii) was able to stand or walk for only about 15 minutes at a time before she
13   needed to change positions due to numbness in her feet caused by diabetes;
14   (iii) could sit for about an hour before she needed to get up and walk around "a
15   little" for approximately fifteen minutes; (iv) could not lift and carry more than
16   seven pounds; (v) had difficulty using her right (dominant) upper extremity when
17   performing household chores, and could only use her right arm for approximately
18   ten minutes before she had to stop and rest for about 20 minutes; (vi) could do
19   personal grooming activities only with her left hand due to pain in her right hand;
20   and (vii) would get around with rides from other people, and by taking public
21   transportation and walking "a little bit."  (AR 61-64, 72-74).

22   At the Post-Remand Hearing, plaintiff testified, in pertinent part, that she
23   could not work due to right arm and shoulder pain.  (AR 39-40).

24   **B.   Pertinent Law**

25   When determining disability, an ALJ is required to consider a claimant's
26   impairment-related pain and other subjective symptoms.  20 C.F.R.
27   §§ 404.1529(a), 416.929(a).  Accordingly, when a claimant presents "objective
28   medical evidence of an underlying impairment which might reasonably produce

6

the pain or other symptoms [the claimant] alleged," the ALJ is required to determine the extent to which the claimant's statements regarding the intensity, persistence, and limiting effects of his or her symptoms ("subjective statements" or "subjective complaints") are consistent with the record evidence as a whole and, consequently, whether any of the individual's symptom-related functional limitations and restrictions are likely to reduce the claimant's capacity to perform work-related activities.  20 C.F.R. §§ 404.1529(a), (c)(4), 416.929(a), (c)(4); Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029, at *4-*9; SSR 96-7p, 1996 WL 374186, at *1-*5.[3]  When an individual's subjective statements are inconsistent with other evidence in the record, an ALJ may give less weight to such statements and, in turn, find that the individual's symptoms are less likely to reduce the claimant's capacity to perform work-related activities.  See SSR 16-3p, 2016 WL 1119029, at *7-*8; SSR 96-7p, 1996 WL 374186, at *1-*3.  In such cases, when there is no affirmative finding of malingering, an ALJ may "reject" or give less weight to the individual's subjective statements "by providing specific,

---

[3]Social Security Rulings reflect the Social Security Administration's ("SSA") official interpretation of pertinent statutes, regulations, and policies.  20 C.F.R. § 402.35(b)(1).  Although they "do not carry the 'force of law,'" Social Security Rulings "are binding on all components of the . . . Administration[,]" and are entitled to deference if they are "consistent with the Social Security Act and regulations."  20 C.F.R. § 402.35(b)(1); Bray v. Commissioner of Social Security Administration, 554 F.3d 1219, 1224 (9th Cir. 2009) (citations and quotation marks omitted); see also Heckler v. Edwards, 465 U.S. 870, 873 n.3 (1984) (discussing weight and function of Social Security rulings).  Effective March 16, 2016, the SSA issued SSR 16-3p which superseded SSR 96-7p and, in part, eliminated use of the term "credibility" from SSA "sub-regulatory policy[]" in order to "clarify that subjective symptom evaluation is not an examination of an individual's [overall character or truthfulness] . . . [and] more closely follow [SSA] regulatory language regarding symptom evaluation."  See SSR 16-3p, 2016 WL 1119029, at *1-*2, *10.  SSR 16-3p became effective after the ALJ issued the Post-Remand Decision in the instant case but before the Appeals Council denied review.  Nonetheless, the possible applicability of SSR 16-3p need not be resolved here since the ALJ's evaluation of plaintiff's subjective complaints in this case fails to pass muster whether SSR 16-3p or its predecessor, SSR 96-7p, govern.

1   clear, and convincing reasons for doing so." <u>Brown-Hunter</u>, 806 F.3d at 488-89.[4]

2   This requirement is very difficult to satisfy.  <u>See</u> <u>Garrison</u>, 759 F.3d at 1015

3   (citation omitted).

4          An ALJ's decision "must contain specific reasons" for the weight given to

5   the claimant's statements regarding the severity of symptoms/the finding on

6   credibility, be consistent with and supported by the evidence in the case record,

7   and be clearly articulated/sufficiently specific to make clear how the ALJ

8   evaluated the individual's symptoms/the weight the ALJ gave to the individual's

9   statements and the reasons for that weight.  SSR 16-3p, 2016 WL 1119029, at *9;

10  SSR 96-7p, 1996 WL 374186, at *2, *4.  If an ALJ's evaluation of a claimant's

11  statements is reasonable and is supported by substantial evidence, it is not the

12  court's role to second-guess it.  <u>See</u> <u>Thomas v. Barnhart</u>, 278 F.3d 947, 959 (9th

13  Cir. 2002) (citation omitted).

14         **C.   Analysis**

15         First, the ALJ discounted the credibility of plaintiff's subjective complaints,

16  in part, based on the finding that "[plaintiff] described activities of daily living that

17  are compatible competitive work. . . ."  (AR 23, 26).  The ALJ wrote that plaintiff

18  admitted "she could perform some household chores and could carry laundry and

19  groceries[,]" that she "worked fifteen hours a week as a caregiver for her

20  husband[,]" and that "she carried groceries approximately a half of a mile, carried

21  laundry one block and performed some household chores, including mopping and

22  vacuuming."  (AR 23, 26).  The ALJ concluded that "[plaintiff's] ability to

23

24  _____

25         [4]It appears to this Court, based upon its research of the origins of the requirement that
    there be "specific, clear and convincing" reasons to reject or give less weight to an individual's

26  subjective statements absent an affirmative finding of malingering, that such standard of proof
    remains applicable irrespective of whether SSR 96-7p or SSR 16-3p governs.  <u>See</u> <u>Burrell v.</u>

27  <u>Colvin</u>, 775 F.3d 1133, 1137 (9th Cir. 2014) (citing <u>Swenson v. Sullivan</u>, 876 F.2d 683, 687 (9th
    Cir. 1989), <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1455 (9th Cir. 1984), <u>Johnson v. Shalala</u>, 60 F.3d

28  1428, 1433 (9th Cir. 1995), and <u>Molina</u>, 674 F.3d at 1112).

                                            8

1   participate in such [daily] activities undermined the credibility of the [plaintif's]

2   allegations of disabling functional limitations." (AR 23). The ALJ did not,

3   however, specify *which* of plaintiff's daily activities purportedly conflicted with

4   *which* of plaintiff's subjective complaints. A general finding that plaintiff's

5   collective daily activities are inconsistent with the alleged severity of some or all

6   of plaintiff's subjective complaints is not sufficiently specific to permit the Court

7   to determine whether the ALJ discounted plaintiff's credibility on permissible

8   grounds. See Brown-Hunter, 806 F.3d at 494 (legal error where ALJ failed to

9   identify specific testimony found not credible and failed to "link that testimony to

10  the particular parts of the record supporting [ALJ's] non-credibility

11  determination") (citation omitted).

12      Moreover, substantial evidence does not support the ALJ's conclusion that

13  plaintiff's daily activities were "inconsistent with the presence of an incapacitating

14  or debilitating condition." (AR 23). For example, as the ALJ noted, plaintiff

15  testified at both hearings that she worked approximately fifteen hours a week as an

16  in-home caregiver for her husband. (AR 39, 61, 63-64). Nonetheless, there is no

17  evidence in the record regarding what tasks plaintiff needed to do in order to care

18  for her husband, much less evidence which suggests that the level of activity

19  required by such work was at all inconsistent with plaintiff's alleged functional

20  limitations. Moreover, plaintiff testified that almost half of the time while caring

21  for her husband (*i.e.*, seven hours per week) she was helped by her nephew. (AR

22  39). The ALJ also wrote that plaintiff "indicated she could perform some

23  household chores" "including mopping and vacuuming." (AR 23, 26) (citing AR

24  74, 370-71). Plaintiff's Exertion Questionnaire, however, notes that plaintiff

25  would mop for only 15 minutes, and vacuum for only 10 minutes. (AR 371).

26  Similarly, the ALJ wrote that plaintiff "mentioned she carried groceries

27  approximately a half of a mile" and "carried laundry one block[.]" (AR 23, 26).

28  Plaintiff's Exertion Questionnaire, however, suggests that plaintiff was only able

9

1    to carry groceries one time per week, and that she only carried laundry two times

2    per week.  (AR 371).

3          Nonetheless, even assuming that plaintiff retained the ability to carry on

4    certain minimal activities of daily living, the ALJ did not find, nor does the record

5    reflect, that such activities "consume[d] a substantial part of [plaintiff's] day," and

6    thus such evidence does not constitute a clear and convincing reason for giving

7    less weight to plaintiff's subjective statements.  See Vertigan v. Halter, 260 F.3d

8    1044, 1050 (9th Cir. 2001) (citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.

9    1989)); see also id. at 1049 ("One does not need to be 'utterly incapacitated' in

10   order to be disabled.") (citation omitted).

11         Second, the ALJ wrote "[plaintiff] has not generally received the type of

12   medical treatment one would expect for a totally disabled individual."  (AR 23).

13   An ALJ may properly give less weight to a plaintiff's subjective statements based

14   on plaintiff's failure to seek or be prescribed a level or frequency of medical

15   treatment that was consistent with the alleged severity of plaintiff's symptoms.

16   See Molina, 674 F.3d at 1113 (citations omitted).  Here, however, the ALJ did not

17   provide any specific reasons that plaintiff's treatment, per se, was inconsistent

18   with plaintiff's alleged disabling symptoms, but instead simply discussed objective

19   medical evidence which the ALJ found was inconsistent with the severity of

20   plaintiff's subjective complaints.  (AR 23).  As noted below, however, such

21   finding alone is an insufficient basis for giving less weight to plaintiff's subjective

22   statements.

23         Third, the ALJ wrote "[t]he credibility of the [plaintiff's] allegations

24   regarding the severity of her symptoms and limitations is diminished because

25   those allegations are greater than expected in light of the objective evidence of

26   record."  (AR 23, 26).  Since the ALJ did not provide any other clear and

27   convincing reason for discounting plaintiff's subjective complaints, however, this

28   finding is an insufficient basis for the ALJ's credibility determination.  See Burch,

1  400 F.3d at 681 (Lack of objective medical evidence to support subjective
2  symptom allegations cannot form the sole basis for discounting pain testimony.).

3       Fourth, as defendant suggests, there may have been other grounds for the
4  ALJ to give less weight to plaintiff's subjective statements.  (Defendant's Motion
5  at 14-16).  Since the ALJ did not do so in the Post-Remand Decision, however,
6  this Court may not affirm the ALJ's non-disability determination based on such
7  additional grounds.  See Garrison, 759 F.3d at 1010 (citation omitted).

8       Finally, the Court cannot conclude that the ALJ's errors were harmless.  For
9  example, the vocational expert testified at the Post-Remand Hearing that plaintiff
10 (or a hypothetical individual with the same characteristics as plaintiff) could "not
11 sustain competitive employment" if she was "off task 20 percent of the time, or
12 would miss more than two days of work per month. . . ."  (AR 47).  In light of the
13 significant functional limitations reflected in plaintiff's subjective symptom
14 testimony, the Court cannot "confidently conclude that no reasonable ALJ, when
15 fully crediting the [plaintiff's] testimony, could have reached a different disability
16 determination."  Stout, 454 F.3d at 1055-56.

17      Accordingly, a remand is warranted, at a minimum, to permit the ALJ to
18 re-evaluate the weight to afford plaintiff's subjective statements.
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

11

1   **V.    CONCLUSION**[5]

2          For the foregoing reasons, the decision of the Commissioner of Social

3   Security is reversed in part, and this matter is remanded for further administrative

4   action consistent with this Opinion.[6]

5          LET JUDGMENT BE ENTERED ACCORDINGLY.

6   DATED:  February 28, 2017

7                                                  /s/

8                                          Honorable Jacqueline Chooljian
                                          UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21          [5]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's

22   decision, except insofar as to determine that a reversal and remand for immediate payment of
    benefits would not be appropriate.
23
            [6]When a court reverses an administrative determination, "the proper course, except in rare
24   circumstances, is to remand to the agency for additional investigation or explanation."
    Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and
25   quotations omitted).  Remand is proper where, as here, "additional proceedings can remedy
    defects in the original administrative proceeding. . . ."  Garrison, 759 F.3d at 1019 (citation and
26   internal quotation marks omitted); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir.
    2003) (remand is an option where the ALJ stated invalid reasons for rejecting a claimant's excess
27   pain testimony).

28